**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **PEARL IP LICENSING LLC,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**OMRON ELECTRONICS LLC,**<br><br>　　　　Defendant. | Civil Action No.:<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT FOR INFRINGEMENT OF PATENT

Plaintiff Pearl IP Licensing LLC, by and through the undersigned counsel, files this Complaint for patent infringement against Defendant, and in support states, all upon information and belief:

## PARTIES

1. Plaintiff Pearl IP Licensing LLC ("Pearl IP" or "Plaintiff") is a limited liability company organized and existing under the laws of the State of Texas and having its registered office at 815 Brazos St, Ste 500, Austin, TX 78701 and an office address at 4757 West Park Boulevard – Suite 113-1042, Plano, Texas 75093.

2. Defendant, Omron Electronics LLC (hereinafter "Defendant") is a limited liability company organized and existing under the laws of the State of Delaware, having a place of business at 2895 Greenspoint Parkway, Suite 200 Hoffman Estates, IL 60169. Upon information and belief, Defendant may be served with process c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

3. Defendant is incorporated in this district. Defendant has directly and/or through subsidiaries or intermediaries committed acts of infringement in this District by, among other things, offering to sell and selling products that infringe the patent-in-suit.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d). Defendant is incorporated in this District and has transacted business in this District and has committed acts of direct infringement in this District.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b). Defendant is incorporated in this district.

## PATENT 6,819,539

6. U.S. Patent No. 6,819,539, entitled "METHOD FOR CIRCUIT RECOVERY FROM OVERSTRESS CONDITIONS" (the "539 Patent") was duly and legally issued on November 16, 2004. A true and correct copy of the '539 Patent is attached as Exhibit A.

7. The '539 Patent disclosed and exemplified a unique and valuable apparatus for circuit recovery from overstress conditions, comprising circuits for detecting an event and resetting a device when the event is a first predetermined type and circuits for providing recovery when the event is a second predetermined type. (See '539 Patent Abstract).

8. Plaintiff is the named assignee of, owns all right, title and interest in, and has standing to sue and recover all past damages for infringement of the '539 Patent.

## INFRINGEMENT OF THE '539 PATENT

9. Plaintiff restates and incorporates by reference the foregoing allegations.

10. In violation of 35 U.S.C. §271, Defendant directly infringed at least claim 1 of the '539 Patent by selling apparatus within the scope of Claim 1 of the '539 Patent ("Accused

Instrumentality" or "Accused Product")[1]. One exemplary Accused Product or Accused Instrumentality is the Omron "NX1P2".

11. Attached hereto as Exhibit B, and incorporated herein by reference, is a claim chart detailing the correspondence between one exemplary version of an Accused Instrumentality and Claim 1 of the '539 Patent. Particularly, Exhibit B details how the Omron "NX1P2" meet every limitation of Claim 1 of the '539 Patent.

12. Defendant has had knowledge of infringement of the '539 Patent at least as of the service of the present Complaint.

13. As a result of Defendant's infringement of the '539 Patent, Plaintiff suffered damages.

14. Plaintiff is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

15. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## JURY DEMAND

16. Plaintiff demands a trial by jury on all issues so triable.

---

[1] The Accused Instrumentality is just one of the products provided by Defendant, and Plaintiff's investigation is on-going as to additional products to be included as an Accused Product that may be added at a later date.

## **PRAYER FOR RELIEF**

Plaintiff Pearl IP respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A.  an adjudication that Defendant has infringed the '539 Patent;

B.  an award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '539 Patent through its expiration, including pre-judgment and post-judgment interest, costs, expenses, and an accounting of all infringing acts; and

C.  any and all such further relief at law or in equity that the Court may deem just and proper, including but not limited to attorneys' fees.

| | |
|---|---|
| Dated: April 28, 2022 | Respectfully submitted, |
| Together with: | CHONG LAW FIRM PA |
| SAND, SEBOLT & WERNOW CO., LPA | */s/ Jimmy Chong* <br> Jimmy Chong (#4839) |
| Howard L. Wernow <br> (*pro hac vice forthcoming*) | 2961 Centerville Road, Suite 350 <br> Wilmington, DE 19808 <br> Telephone: (302) 999-9480 |
| Aegis Tower – Suite 1100 <br> 4940 Munson Street NW <br> Canton, Ohio 44718 <br> Telephone: (330) 244-1174 <br> Facsimile: (330) 244-1173 <br> Howard.Wernow@sswip.com | Facsimile: (302) 800-1999 <br> Email: chong@chonglawfirm.com <br><br> ATTORNEYS FOR PLAINTIFF |